**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AQUILINA ROMAN-CORDOVA, | No. 11-72048 |
| Petitioner, | Agency No. A077-282-030 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Aquilina Roman-Cordova, a native and citizen of Peru, petitions pro se for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's finding that Roman-Cordova failed to establish she suffered past persecution on account of any protected ground. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (persecution is an "extreme concept marked by the infliction of suffering or harm") (internal quotations omitted). Accordingly, she is not entitled to a presumption of a well-founded future fear. *See* 8 C.F.R. § 1208.13(b)(1). Substantial evidence supports the IJ's finding that, whether she is indigenous or Mestizo, Roman-Cordova has not demonstrated that there is a pattern or practice of persecution against such groups in Peru, or that she has a well-founded future fear of persecution under a disfavored group analysis. *See Wakkary*, 558 F.3d at 1060-61, 1064. Accordingly, Roman-Cordova's asylum claim fails.

Because Roman-Cordova failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

To the extent Roman-Cordova is seeking relief under the Convention Against Torture, we lack jurisdiction to consider her claim because she failed to

raise it to the agency below.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.

2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**